S. AMANDA MARSHALL, OSB #95347
United States Attorney
District of Oregon
**JOHN F. DEITS, OSB #74364**
Assistant United States Attorney
John.Deits@usdoj.gov
1000 SW Third Ave., Suite 600
Portland, OR  97204-2902
Telephone:  (503) 727-1000
Facsimile:  (503) 727-1105
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:13-CR-00109-HA** |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **MICHAEL MAGANA,** | |
| Defendant. | **Sentencing Hearing: Tuesday, October 8, 2013, at 9:30 a.m.** |

The United States of America, by and through John F. Deits, Assistant United States Attorney, respectfully submits the following memorandum in support of the government's position on sentencing.

## I.    SENTENCING RECOMMENDATION

For the reasons set forth below and at the sentencing hearing, the government recommends a sentence of **30 months imprisonment**.  A minimum three-year term of supervised release is required.

## II.    ADVISORY GUIDELINE RANGE

The government believes that defendant's advisory guidelines, *prior to any adjustments*, are 37 to 46 months imprisonment, calculated as follows:

26      Base Offense Level

-2      Safety Valve Reduction

<u>-3      Acceptance of Responsibility</u>

21      Total Offense Level (prior to Adjustments) at Criminal History Category I

## III.    SUMMARY OF RELEVANT FACTS

The case originated out of a District of Alaska drug investigation in which persons arrested there agreed to cooperate against their suppliers in Oregon, defendant and his codefendeant Johanna Echeverria (PSR ¶¶ 10-11).  The facts are not disputed that defendant was caught about to sell about 87 grams methamphetamine and 74 grams of heroin to a cooperating defendant from Alaska at the direction of his codefendnt (PSR ¶ 14).  The buyer had agreed to pay $8,000 (PSR ¶ 17).  According to the Alaska witness this arrangement had happened on several prior occasions (PSR ¶ 11).

## IV.    DOWNWARD ADJUSTMENT REQUESTED

The government has agreed to recommend a two (2) level downward adjustment pursuant to 18 U.S.C. Section 3553(a) because of defendant's agreement to resolve the case early without pretrial litigation and to resolve the case in Oregon without putting the government through the process of transferring the case here through Rule 20 of the Federal Rules of Criminal Procedure. If the court agrees to this downward adjustment of two (2) levels, and thus to Total Offense Level 19, at Criminal History Category I defendant's advisory guideline range becomes 30 to 37 months imprisonment, for which the government is recommending the low end of the range. Pursuant to the Plea Agreement, the defense may ask for two more levels, thus a Total Offense Level of 17 and a low end recommendation of 24 months.

**Government's Sentencing Memorandum**                                    **Page 2**

**V.    THE ALASKA DEFENDANTS**

The government has limited information about the two defendants in Alaska who have been buying from the defendant.  The cooperating defendant who the deal in which defendant was arrested received a sentence of 30 months after a reduction for Substantial Assistance to Authorities.  The other defendant who did not cooperate has not been sentenced, but the AUSA indicated that he expected a 60-month mandatory minimum sentence.  I do not know anything about their criminal history.

**VI.    CONCLUSION**

The government submits that under the facts in this case, a sentence of 30 months is sufficient, will promote respect for the law, will provide just punishment for this defendant in this offense, and is a "sentence sufficient, but not greater than necessary" to meet the purposes of § 3553(a)(2).

Dated this 3rd day of October 2013.

Respectfully submitted,

S. AMANDA MARSHALL
United States Attorney

*s/ John F. Deits*
JOHN F. DEITS
Assistant United States Attorney

**Government's Sentencing Memorandum**                              **Page 3**